U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 8 2003
CLERK, U.S. DISTRICT COURT
By ______________
Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

YVONNE CAUDILLO by next friend Brenda Caudillo; MIRAH EPSTEIN CURZER by next friend Howard Curzer; and, LUBBOCK HIGH SCHOOL GAY STRAIGHT ALLIANCE, an unincorporated association;

Plaintiffs

v.

LUBBOCK INDEPENDENT SCHOOL DISTRICT; WAYNE HAVENS, in his official capacity as Acting Superintendent of Lubbock Independent School District; DR. JACK CLEMMONS, individually; FRED HARDIN, in his official capacity as Assistant Superintendent for Secondary Schools of Lubbock Independent School District;

Defendants.

COMPLAINT

Civil Action No. 5-03CV0165-C

---

**COMPLAINT**

Plaintiffs Mirah Epstein Curzer, Yvonne Caudillo, and Lubbock High School Gay Straight Alliance, by their attorneys, allege the following:

**NATURE OF THE ACTION**

1. This is an action for declaratory and injunctive relief to remedy unlawful action by the Defendants that has prevented the Lubbock High School Gay Straight Alliance ("Lubbock GSA"), and its member students, from meeting at Lubbock High School on the same terms and conditions as Defendants apply to numerous other student groups.

## JURISDICTION AND VENUE

2. Plaintiffs bring this action under the federal Equal Access Act, 20 U.S.C. § 4071, the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-02. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 2201-02 and 42 U.S.C. § 1983.

3. All of the Plaintiffs reside in Lubbock County, Texas. The Lubbock Independent School District (the "District") is headquartered in Lubbock, Texas. The Plaintiffs are informed and believe that the remaining Defendants reside in Lubbock County, Texas. Further, all or substantially all of the events that give rise to the claims in this action occurred in Lubbock County. Venue for this action is proper in this court under 28 U.S.C. § 1391(b).

## PARTIES

4. Yvonne Caudillo ("Yvonne Caudillo") is a student at LHS and a member of Lubbock GSA. She is a minor and sues here by her next friend and mother Brenda Caudillo.

5. Mirah Epstein Curzer ("Mirah Curzer") is a student at LHS and a member of Lubbock GSA. She is a minor and sues here by her next friend and father Howard Curzer.

6. Lubbock GSA is an unincorporated association of students enrolled at LHS, a public secondary school. Lubbock GSA sues on its own behalf and on behalf of its members.

7. The District is a statutorily created body corporate under Texas law. The District controls and operates the public secondary schools within Lubbock County, including LHS. The district is governed by an elected school board that appoints a

Superintendent and Assistant Superintendents. The District also is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

8. Defendant Wayne Havens ("Havens") is acting Superintendent of the District. He is sued in his official capacity. The Superintendent is charged with "administrative responsibility and leadership for the planning, operation, supervision and evaluation of educational programs, services and facilities of the District." The Superintendent is further responsible for all day-to-day operations of the District. *see*, L.I.S.D. BJA(H)-P, 11/12/2001.

9. Defendant Dr. Jack Clemmons ("Clemmons") was Superintendent of the District at times relevant to this complaint. Clemmons resigned as Superintendent in March of 2003. He is sued in his individual capacity as the former Superintendent of the District. Clemmons was acting under color of law at all times relevant to this complaint.

10. Defendant Fred Hardin ("Hardin") is Assistant Superintendent for Secondary Schools of the District. He is sued in his official capacity. Hardin was acting under color of state law at all times relevant to this complaint.

**FACTUAL ALLEGATIONS**

11. Lubbock GSA was formed in the fall of 2002 by a group of students at LHS. The students originally referred to Lubbock GSA as "Gay and Proud Youth" or "GAP Youth," but later changed the name to "Lubbock High School Gay Straight Alliance" to better reflect the fact that Lubbock GSA welcomes heterosexual students as well as gay, lesbian and bisexual students.

12. Lubbock GSA was initiated by and is composed of students enrolled at LHS who support its purposes and wish to participate in its activities. Lubbock GSA is "a support group for all students, gay or straight" and "a group promoting equality in the school system and in the community." Lubbock GSA is open to students attending LHS, regardless of their race, age, religion, gender, disability or sexual orientation.

13. Members of Lubbock GSA, including the individually named plaintiffs, seek to meet with one another on the premises of Lubbock High School during noninstructional time as a noncurricular student group, to provide an opportunity for timely discussion of social and political issues of interest to them, and to plan and perform community service projects.

14. According to its own regulations, The District has "created a limited open forum for students attending the District's Secondary Schools." (L.I.S.D., LDU-44-02, 11/04/2002.) The regulations promulgated by the District go on to state that "[t]he District shall not prohibit student expression solely because other students, teachers, administrators, or parents may disagree with its content." (L.I.S.D. Update 68 7/1/2002).

15. Pursuant to these regulations, during the 2002-2003 school year, Defendants allowed students enrolled at LHS to meet with one another on school premises during noninstructional time in order to participate in a wide range of noncurricular student groups, including political, religious, ethnic, social, community service, career-related, and recreational clubs.

16. The District currently allows noncurricular student groups to meet at LHS (collectively, the "permitted groups"). These groups include, but are not limited to the Business Professionals of America, Future Business Leaders of America, Amnesty

International, Interact, Key Club, What's African-American Minds, Young Entrepreneurs, 4-H, Psychology Club, the League of United Latin American Citizens, Junior Cosmetology, Young Democrats, Young Republicans, Young Libertarians, and, The Fellowship of Christian Athletes.

17. The District requires that students seeking to use school facilities for noncurricular activities must "file a written request with the school principal [containing] the group's purposes and goals, a list of the group's members, and a schedule of its proposed meeting time." (L.I.S.D., LDU 44-02, 11/04/20002).

18. On December 20, 2002, six members of Lubbock GSA, including plaintiff Mirah Curzer, filed a written request with the principal of LHS asking that Lubbock GSA be allowed to meet on the campus of LHS. The request comported with all of the District's regulations.

19. The District's regulations state that such requests "may be approved by the principal and the Superintendent subject to availability of suitable meeting space and without regard to the religious, political, philosophical or other content of the speech likely to be associated with the group's meetings." (L.I.S.D. LDU 44-02 11/04/2002).

20. The principal of LHS forwarded the request to Clemmons and Hardin.

21. On or about December 21, 2002 LHS student Ricky Waite, who at the time served as Vice-President of Lubbock GSA, provided Hardin with a separate written request for Lubbock GSA to be allowed to meet on LHS property.

22. Defendants denied permission to Lubbock GSA to meet on LHS property.

**FIRST CLAIM FOR RELIEF**

(Violation of Equal Access Act, 20 U.S.C. §§ 4071 et seq., Violation of Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and Declaratory Relief pursuant to 28 U.S.C. §§ 2201-02)

23. The Plaintiffs re-allege and incorporate by reference the allegations contained in all preceding paragraphs as if set forth fully herein.

24. Defendants have created and are maintaining a limited open forum, within the meaning of the federal Equal Access Act, 20 U.S.C. § 4071(b), at the public secondary schools within the District, including LHS.

25. The District receives federal financial assistance.

26. Defendants are denying equal access to and discriminating against Plaintiffs, who wish to conduct meetings on the same terms as the permitted groups, and basing such denial of equal access on the religious, political, philosophical, viewpoint or other content of the speech at such meetings.

27. Defendants' actions violate the Equal Access Act and the federal Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

28. As a result of Defendants' actions the Plaintiffs have suffered and continue to suffer injury and are entitled to relief.

## SECOND CLAIM FOR RELIEF

Freedoms of Expression and Association
(Violation of the First Amendment to the United States Constitution,
Violation of Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and
Declaratory Relief pursuant to 28 U.S.C. §§ 2201-02)

29. The Plaintiffs re-allege and incorporate by reference the allegations contained in all preceding paragraphs as if set forth fully herein.

30. Defendants' actions under color of state law abridge Plaintiffs' freedoms of speech and association by denying access to a limited public forum on the basis of the content and viewpoint of their speech.

31. Defendants' discriminatory actions violate Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution and the federal Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

32. As a result of Defendants' ongoing violations of the First and Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, the Plaintiffs have suffered and will continue to suffer injury.

## PRAYER

WHEREFORE, the Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs, and:

**AS TO THE PLAINTIFFS' FIRST CLAIM FOR RELIEF**, pursuant to 20 U.S.C. §§ 4071 *et seq*, 28 U.S.C. §§ 2201-02, and 42 U.S.C. §§ 1983 and 1988,

(1) issue a declaratory judgment declaring that Defendants have created a limited open forum within the meaning of the federal Equal Access Act at the public secondary schools within the District, and that Defendants unlawfully have denied equal access to that forum; and

(2) grant the Plaintiffs preliminary and permanent injunctive relief prohibiting Defendants from denying the Plaintiffs equal access to the limited open forum Defendants have created, and from discriminating against the Plaintiffs on the basis of the content of speech; and

(3) award the Plaintiffs their reasonable attorneys' fees and costs and such other damages to which they are entitled;

**AS TO THE PLAINTIFFS' SECOND CLAIM FOR RELIEF**, pursuant to the First Amendment to the United States Constitution, 28 U.S.C. §§ 2201-02, and 42 U.S.C. §§ 1983 and 1988,

(1) issue a declaratory judgment declaring that a limited public forum exists at the public secondary schools within the District and that Defendants unlawfully have denied equal access to that forum and discriminated against the Plaintiffs by Defendants' policy and practice; and

(2) grant the Plaintiffs preliminary and permanent injunctive relief prohibiting Defendants from: interfering in any way with the Plaintiffs' right to use the limited public forum Defendants have created on the same terms as the permitted groups; and

(3) award the Plaintiffs compensatory damages against Defendants and each of them for the violation of the Plaintiffs' rights and the injuries Defendants have caused; and

(4) award the Plaintiffs their reasonable attorneys' fees and costs; and

**AS TO THE PLAINTIFFS' ENTIRE COMPLAINT**, grant such further and different relief as this Court deems just and appropriate.

Respectfully Submitted,

LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
3500 Oak Lawn Avenue, Suite 500
Dallas, Texas 75219-6722
(214) 219-8585 telephone
(214) 219-4455 facsimile

By: F. BRIAN CHASE
Louisiana Bar Number 23450
Florida Bar Number 996653

BARON & BUDD
A PROFESSIONAL CORPORATION
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 telephone
(214) 520-1181 facsimile

KEVIN D. MCHARGUE
Texas State Bar No. 00792309
MONTY WADE SULLIVAN
Texas State Bar No. 24008105
CARLA M. BURKE
Texas State Bar No. 24012490
SCOTT L. FROST
Texas State Bar No. 24015156
CHRIS J. PANATIER
Texas State Bar No. 24032812

Attorneys for Plaintiffs